Thomas, Justice, delivered the following dissenting opinion: I dissent from .the opinion just pronounced in this case. The declaration in my opinion exhibits sufficient grounds for maintaining an action on the case against Lusk individually, for the negligent and unskillful manner in which he performed the task which Cabrilliac employed and paid him for executing, but I am very clear that it shows no breach of the condition of his official bond. The bond is conditioned for the true and faithful execution of the duties of his office; and for untruly or unskillfully performing such duties or any of them, his surety is liable, but for nothing else. These duties are specifically, prescribed by law, and the apt, for the unskillful and negligent performance of which this action was instituted; is not embraced among them; it is not therefore one of these duties. The ground, however, is assumed that inasmuch as the recorder is allowed by law fees for his search of record, and for his official certificate, the duty is therefore imposed on him by law, of performing these acts on application, and that, by reason of his refusing to do so, or doing so in an unskillful or negligent manner, the condition of his bond is broken. This doctrine is, in my judgment, incorrect. It subjects the surety to liabilities never contemplated by him, and by implication greatly increases his responsibility. ‘ By a parity of reasoning, the scope of official duty and of responsibility, on official bonds, might be indefinitely enlarged. It would invest probate justices of the-peace with equity powers, as fees were allowed to judges of probate for granting ne exeats and injunctions, and the same fees formerly allowed them are now given by law to probate justices; and yet no law confers such power on that officer. It would subject justices of the peace and their sureties, to actions on their official bonds for refusing to perform a marriage ceremony, and to grant a certificate thereof, because for such acts, fees are allowed by law. And by such a construction of the laws allowing justices of the [* 399] peace, clerks, etc., fees for taking acknowledgments of deeds, those officers, for refusing in any case to perform such act on application, would be liable as well to indictment for palpable omission of duty, as to action on their bonds. In this view of the subject, I think that the law allowing a recorder fees for performing the act under consideration, maybe properly construed to confer on that officer the privilege of doing that act, but not impose it on him as an official duty. When the law allowing recorders their fees was passed, those officers were required by law to procure at their own proper expense the books to be used in their offices for the purpose of recording deeds, etc., and they then were, and still are required by law to perform much labor in so preparing those books as to enable any person desiring to do so, easily to ascertain by examination, what entries in reference to particular real estates had been made therein. For such expenditure of time and money, no compensation was expressly allowed by law ; but in lieu thereof, it was deemed reasonable to permit the recorder to charge a specific fee for the privilege of searching the books thus purchased and prepared by him, by any person desiring to do so. All that a recorder is required to do in the premises therefore, is to furnish facilities for an examination of the books in his office. Every one is bound to take notice of the entries on these books, at his peril; the recorder is not required by law to examine and "certify as to those entries; and a prudent man would not rely on any such certificate. A search of the record implies not only an inquiry into the fact whether any instrument, purporting to be a deed, mortgage, or other conveyance of land, is on the record, but also as to the legal effect of such instrument, if recorded. By reason of the unskillful performance of such duties, in some cases, a loss of many thousand dollars might result. It is to be supposed either that indemnity for such losses was intended to be secured by the penalty of $500 in the recorder’s official bonds, or that the sureties in such bonds, in the execution thereof, undertook to guaranty the competency of their principal, skillfully to perform the responsible duty of examining the books in their office, and determining the legal effect of all instruments therein recorded ? I think not. My opinion is that the judgment of the court below should be reversed. Lockwood, Browne and Treat, Justices, also dissented. Judgment affirmed.